Dear Mr. Lafser:
This official opinion is issued in response to your opinion request posing the following question:
 "Do the laws and regulations of the State of Missouri in relationship to the NPDES program apply in the same manner and to the same extent to point source discharges of pollutants from federal facilities within the State of Missouri as to any other point source discharges of pollutants."
The main reference providing the answer to this question is found in Section 204.016(5), RSMo Supp. 1975, definition of "person" in the Missouri Clean Water Law. This definition is also carried forward into the Missouri Clean Water Commission rules and regulations in 10 CSR 20-2.010(23) which reads substantially the same. The definition is as follows:
 "`Person', any individual, partnership, copartnership, firm, company, public or private corporation, association, joint stock company, trust, estate, political sub division, or any agency, board, department, or bureau of the state or federal government, or any other legal entity whatever which is recognized by law as the subject of rights and duties;"
It is therefore clear that the Clean Water Law by its definition of person clearly applies to federal entities. An example of the application of this term is found in Section 204.051, RSMo Supp. 1975, which lists prohibited acts and permit requirements under the Clean Water Law. With respect to the prohibited acts, Section 204.051.1 prefaces the four specific prohibited acts with the phrase "it is unlawful for any person". Therefore, it can be seen clearly that these prohibitions apply to persons, including by definition the federal agencies listed in the above-quoted definition. Very briefly these four prohibitions include causing pollution of waters of the state; discharging water contaminants into waters of the state which would violate water quality standards, violating pretreatment and toxic material control regulations or discharging water contaminants which exceed effluent regulations or permit provisions; and finally, discharging radiological, chemical or biological warfare agents or high level radioactive wastes. Therefore, discharges of pollutants from federal facility point sources are subject to Missouri Clean Water Law prohibitions and regulation.
Section 204.051.2 which begins the permit requirements states that:
 "It shall be unlawful for any person to build, erect, alter, replace, operate, use or maintain any water contaminant or point source in this state . . . unless he holds a permit from the commission, . . ."
The two terms used in Section 204.051.2, "water contaminant or point source" are both defined in Section 204.016, and neither one excepts federal agencies or facilities from its definition.
An examination of all the other substantive provisions of the Missouri Clean Water Law found in Chapter 204, RSMo Supp. 1975, and also the Missouri Clean Water Regulations beginning at10 CSR 20-1.010 of the Code of State Regulations does not reveal any exceptions for federal facilities from the requirements of the law and regulations. Therefore, federal agencies are clearly included under the definition of persons on which the law operates, and they are nowhere excluded or exempted within the Missouri Clean Water Law and the regulations adopted pursuant thereto.
CONCLUSION
It is the opinion of this office that the point source discharges of pollutants from federal facilities within the State of Missouri are subject to the same NPDES program requirements as are any other point source discharges of pollutants subject to the Missouri Clean Water Law and the regulations adopted pursuant thereto.
The foregoing opinion, which I hereby approve, was prepared by my assistant Robert M. Lindholm.
Very truly yours,
 JOHN ASHCROFT Attorney General